## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| TAMARA JEAN FARRELL, an individual, | ) ) ) | |
| | ) | CASE NO.: |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| FAYETTEVILLE INVESTORS, LIMITED PARTNERSHIP, a Georgia Limited Partnership, | ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| GARDENA JM, LLC, a California Limited Liability Company, | ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff, TAMARA JEAN FARRELL, through her undersigned counsel, hereby files this Complaint and sues FAYETTEVILLE INVESTORS LIMITED PARTNERSHIP, a Georgia Limited Partnership and GARDENA JM, LLC, a California Limited Liability Company for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 <u>et. seq.</u>, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

1

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3.      Plaintiff, TAMARA JEAN FARRELL, (hereinafter referred to as "MS. FARRELL"), is a resident of Henry County, Georgia.

4.      MS. FARRELL is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia.  She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5.      Due to her disability, MS. FARRELL is substantially impaired in several major life activities, including walking and standing.

6.      Defendant     FAYETTEVILLE     INVESTORS     LIMITED PARTNERSHIP, a Georgia Limited Partnership, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia.   Upon

Case 3:22-cv-00124-TCB   Document 1   Filed 07/12/22   Page 3 of 9

information and belief, DEFENDANT is the owner and/or operator of the real property and improvements known as the Fayetteville Corners Shopping Center which are the subject of this action, to wit: the Property, located at 939 A/B N Glynn St., Fayetteville, GA 30214 (Fayette County Parcel ID: 0531 107).

7.      Defendant GARDENA JM, LLC, a California Limited Liability Company, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia.  Upon information and belief, DEFENDANT is the owner and/or operator of the real property and improvements known as the Fayetteville Corners Shopping Center which are the subject of this action, to wit: the Property, located at 905-937 N Glynn St., Fayetteville, GA 30214 (Fayette County Parcel ID: 0531 106).

7.      All events giving rise to this lawsuit occurred in the Northern District of Georgia within Fayette County.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.      Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9.      The Property, a shopping center owned and operated by Defendants, is open to the public and provides goods and services to the public.

10.     MS. FARRELL has visited the Property and attempted to utilize the

3

goods and services offered at the Property numerous times over the past two years.

11.     While at the Property, MS. FARRELL experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12.     MS. FARRELL continues to desire to visit the Property, but fears that she will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

13.     MS. FARRELL plans to and will visit the property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendant's Property, Plaintiff would visit more often.

14.     Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and are discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which hindered/reduced Plaintiff's access throughout the Property during her visits:

**Section owned by FAYETTEVILLE INVESTORS LIMITED PARTNERSHIP:**

A.     Plaintiff encountered numerous inaccessible disabled use parking spaces in front of Ollie's Bargain Outlet and Tractor Supply Company due to low signage and extremely faded paint markings.  These

conditions made it difficult for Plaintiff to identify and use the designated accessible parking areas. In fact, because the markings are so badly faded, patrons generally park in the access aisles as they may mistakenly believe these are standard parking spaces.

B.    Plaintiff encountered inaccessible parking in front of Ollie's Bargain Outlet and Tractor Supply Company due to disabled use parking with missing access aisles.  This condition made it difficult for Plaintiff to identify and use the designated accessible parking areas.

C.    Plaintiff encountered inaccessible curb ramps in front of Ollie's Bargain Outlet and Tractor Supply Company due to excessive slopes, excessively sloped side flares and pavement in disrepair.  These conditions increased Plaintiff's chances of falling and required that she use extra caution maneuvering over these ramps.

**Section owned by GARDENA JM, LLC:**

D.    Plaintiff encountered inaccessible parking in the section of the Property housing China Café 8 and the Coin Laundry due to the improper distribution of disabled use parking spaces.   This section has marked walkways (cross-walks) connecting the standard parking spaces to the curb ramps, but none of those parking spaces in the vicinity of these marked walkways are designated for disabled use.  This condition made it difficult

5

for Plaintiff to identify and select an accessible parking space in this area of the Property.

E.      Plaintiff encountered numerous inaccessible disabled use parking spaces near Park Ave Thrift and Vinelcia Hair Braiding due to low signage and extremely faded paint markings.  These conditions made it difficult for Plaintiff to identify and use the designated accessible parking areas.

F.      Plaintiff encountered inaccessible parking near Park Ave Thrift and Vinelcia Hair Braiding due to disabled use parking spaces which were lacking any clearly marked access aisles.  This condition made it difficult for Plaintiff to identify and use the designated accessible parking areas.

G.      Plaintiff encountered inaccessible curb ramps in front of Park Ave Thrift due to excessive lips that are not flush with the ground, lack of edge protection and pavement in disrepair. Additionally, both curb ramps in this area have steep drop-offs which are extremely dangerous at night. These conditions increased Plaintiff's chances of falling and required that she use extra caution maneuvering over these ramps.

H.      Plaintiff encountered inaccessible curb ramps in front of Coin Laundry and China Café 8 due to excessive slopes and excessively sloped side flares.  These conditions increased Plaintiff's chances of falling and

6

required that she use extra caution maneuvering over these ramps.

15.    Defendants either do not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16.    Independent of her intent to return as a patron to the Property because she enjoys the goods and services offered there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

18.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendants.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A.    That the Court declares that the Property owned and operated by DEFENDANTS is in violation of the ADA;

    B.    That the Court enter an Order directing DEFENDANTS

to alter their property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing DEFENDANTS to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANTS to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976

By: */s/ John A. Moore*_____
        John A. Moore, Esq.
        Georgia Bar No.: 519792
        Of Counsel

8

The Moore Law Group, LLC
1745 Martin Luther King Jr., Drive
Atlanta, GA 30314
Tel.: (678) 288-5601
Fax: (888) 553-0071
Email: jmoore@moorelawllc.com
Attorney for Plaintiff